## MARK D. HAWES

### V.

## TRUSTEES OF THE ILLINOIS WESLEYAN UNIVERSITY.

*Negotiable Paper—Notes—Subscription to Educational Institution— Condition—Parol Evidence.*

In an action by an educational institution on notes made as subscriptions on a proposition to raise $25,000, in sums of $100 and upward, the entire amount to be subscribed before any subscription should become binding, said subscriptions having been made at a time when said institution was engaged in raising a similar fund in sums of $500 and upward, it is *he'd:* That the acceptance, on account of said proposition, of a subscription of $5,000, constitutes no defense, said second sum of $25,000 having been raised without said subscription, and that parol evidence is admissible to show that the aggregate amount named in the condition of the notes has been actually obtained.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK and BECKWITH, BROWN & KIRBY, for appellant.

Messrs. H. G. REEVES and BETCHAM & HATFIELD, for appellee.

PLEASANTS, P. J.  By way of subscription to a building fund of the university, appellant made to appellees two notes for $100 each; one providing that it should not be binding until the full amount should be subscribed on a proposition to raise $25,000 in sums of $100 or upward, and the other, of later date, being for the 94th $100 of the $10,000 then required to make up that amount.

On these notes this suit was brought.  Pleas of the general issue and set-off were filed, and upon trial by the court a judg-

Hawes v. Trustees of Illinois Wesleyan University.

ment was rendered on the findings for plaintiffs for $236 after crediting a payment on account of $88.

The defense urged was that the full amount had not been obtained as required by the condition in the first note.

Dr. Munsell, who, as financial agent of the university, took an active part in raising it and had charge of it, testified that before this suit was brought he closed up his agency, made a full report to the trustees and turned over to his successor everything in his hands pertaining to it; that he then knew the exact amount that had been obtained, but could not now state it without referring to his report; that his recollection was entirely clear, however, that it was between twenty-six and twenty-seven thousand dollars, that it all came to his hands, and that nearly all of the subscriptions had been paid and the contemplated building erected. None of these state· ments were contradicted.

But this total included a certain subscription of $5,000, and appellant claims it should be counted on another proposition, which was, to raise a further sum of $25,000 in subscriptions of $500 and upward. Dr. Munsell testified that this further amount had also been fully raised, in such subscriptions, with· out the one in question, and this was not contradicted. There is nothing substantial in the point.

It is urged that as these papers were not produced, nor any foundation laid for secondary evidence respecting them, this testimony was incompetent under the rule against parol proof of the contents of written instruments.

It appears that the greater part of them—enough, with the receipts in like sums to make up the required aggregate—had been surrendered to their respective makers on payment. They were not produced on the trial, nor further accounted for or proved. But we do not understand there was any occasion or attempt to prove their contents, or need to produce them. The fact that papers of the kind and aggregate amount mentioned in the condition of the note had been actually obtained was properly provable by parol, just as it would have been if the papers had been described as bank notes of a *minimum* denomination. The names, dates and amounts were fully shown

in the report.   If its admission was error, which under the circumstances is not clear, it did no harm, since no other judgment than was rendered could properly have been rendered, if it had not been admitted.   There seems to be no merit in the defense.

*Judgment affirmed.*